UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MINA GARTMANN,

        Plaintiff,

        v.                                              Case No. 15-C-0113

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.,
CLEMENT MANOR, INC.,

        Defendants.

DECISION AND ORDER GRANTING CLEMENT MANOR'S MOTION TO
DISMISS (DOC. 12) AND SETTING A SCHEDULING CONFERENCE

In this consumer-rights action, Mina Gartmann claims that Clement Manor, Inc. violated the Wisconsin Consumer Act (WCA), Wis. Stat. § 427.104(1)(L).[1] Clement Manor's alleged violation occurred as part of a letter it mailed to Gartmann concerning a purported outstanding balance on her late husband's account. Gartmann seeks to represent a class of claimants.

Clement Manor moves to dismiss under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the charge and the grounds on which it rests. *Id.* Second, the complaint must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St.*

---

[1] She claims that the Hall Render law firm violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692g. The claim against Clement Manor is before the court based on supplemental jurisdiction. *See* 28 U.S.C. § 1367.

*John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14 (2007)). Clement Manor does not contend that the complaint fails to give fair notice of Gartmann's claim. Instead, it contends that Gartmann has no plausible claim because she has pled herself out of court—because the facts asserted, even if true, fail to establish a WCA violation.

When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## ALLEGED FACTS

Taking the facts stated in the complaint as true, Clement Manor provides health care and residential services to individuals and actively collects debts owed to it and incurred for personal, family or household purposes, in particular for medical care. (Doc. 1, ¶¶ 8, 9.) Gartmann's husband obtained residential medical care from Clement Manor on several dates in 2014. (Doc. 1, ¶ 12.) She and her husband were not required to pay for those services when they were rendered; instead, the bills were mailed by Clement Manor afterward. (Doc. 1, ¶ 13.) Gartmann's husband passed away in August 2014. (Doc. 1, ¶ 14.)

2

On or around September 24, 2014, Clement Manor mailed a debt collection letter to Gartmann regarding the alleged debt related to her husband's medical care. (Doc. 1, ¶ 15.) The body of the letter, which Gartmann attached to the complaint, reads:

> The current outstanding balance on your husband's account is $6,240.85.
>
> This balance is past due for patient liability owed to Clement Manor for months April through June 2014. These amounts are your responsibility per T19. We have received one payment for July patient liability on August 15th in the amount of $1,968.49.
>
> Please remit payment of $6,240.85 in full or contact the Business Office at 546-7334 or 546-7337 to discuss.
>
> If payment has not been made, or contact made to the Business Office, then you leave us no alternative but to begin collection agency [sic] for non-payment.

(Doc. 1, Ex. A.[2]) The court will refer to this letter as the "Clement Manor debt-collection letter."

Clement Manor mailed letters in the same form as the Clement Manor debt-collection letter to each member of a purported class consisting of all persons in the State of Wisconsin to whom such a letter was sent on or after January 23, 2014, seeking to collect an obligation for personal, family or household purposes, and whose accounts Clement Manor did not send to a collection agency within sixty days. (Doc. 1, ¶¶ 22, 41.)

Clement Manor sent Gartmann account statements dated September 30, 2014, and November 30, 2014, both of which reflected a balance of $6,250.85 and the statement "PAST DUE PLEASE REMIT." (Doc. 1, ¶ 19, Ex. B.) Copies of these account statements were attached to the complaint.

---

[2] Documents attached to a complaint are part of the pleadings for purposes of a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

3

When the Clement Manor debt-collection letter was mailed to Gartmann, Clement Manor had no intention of sending the account to an outside collection agency. Instead, it intended to continue "in-house" collection efforts for several months. (Doc. 1, ¶ 21.) Nor did Clement Manor, at the time it sent letters in the same form to class members, intend to send each class member's account to an outside collection agency; again, it intended to continue "in-house" collection efforts for several months. (Doc. 1, ¶ 22.)

On or about December 31, 2014, Hall Render mailed a debt collection letter to Gartmann regarding the same alleged debt owed to Clement Manor. (Doc. 1, ¶ 26.) This letter, hereafter referred to as the Hall Render debt-collection letter, stated at the top that Hall Render was a debt collector for Clement Manor. (Doc. 1, Ex. C at 1.)

## DISCUSSION

The WCA's expressly stated purposes include protecting customers against unfair, deceptive, and unconscionable merchant practices; encouraging the development of fair and economically sound practices in consumer transactions; and coordinating the regulation of consumer credit transactions with the policies of federal consumer-credit-protection legislation. Wis. Stat. § 421.102(2); *Kett v. Cmty. Credit Plan, Inc.*, 228 Wis. 2d 1, 18 & n.15, 596 N.W.2d 786 (1999). The WCA may go further to protect consumer interests than any other state's legislation. *Kett*, 228 Wis. 2d at 18 n.15; *Credit Acceptance Corp. v. Kong*, 2012 WI App 98, ¶ 8, 344 Wis. 2d 259, ¶ 8, 822 N.W.2d 506, ¶ 8. At the heart of each of the purposes of the WCA is the protection of customers. *Brunton v. Nuvell Credit Corp.*, 2010 WI 50, ¶ 26, 325 Wis. 2d 135, ¶ 26, 785 N.W.2d 302, ¶ 26. The WCA should be liberally construed to promote these purposes. § 421.102(1); *Kett*, 228 Wis. 2d at 18; *Credit Acceptance Corp.*, 2012 WI App 98, ¶ 8.

The WCA should be interpreted in coordination with the federal Fair Debt Collection Practices Act (FDCPA), pursuant to which claims of unfair debt collection practices are viewed through the lens of the unsophisticated consumer, protecting the gullible as well as the shrewd. *Brunton*, 2010 WI 50, ¶¶ 45-46 (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254 (7th Cir. 1994), and *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993)).

The pertinent provision of the WCA at issue in this case, § 427.104(1)(L), states that in attempting to collect an alleged debt arising from a consumer credit transaction involving an agreement to defer payment, a debt collector may not "[t]hreaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." For present purposes there is no dispute that the WCA applies and that Gartmann is a consumer or customer and Clement Manor is a debt collector as defined in the WCA. The parties have pointed to and the court has found no pertinent caselaw regarding interpretation of § 427.104(1)(L).

Gartmann asserts that the statement in the Clement Manor debt-collection letter that the customer must pay or else Clement Manor would "begin collection agency" was false and misleading and violated § 427.104(1)(L) because at the time Clement Manor mailed the letter it had no intention of sending the account to an outside agency. Clement Manor contends that the facts alleged in the complaint show that it complied with the statute because it "did exactly what it said it was going to do." (Doc. 15 at 2.) The court agrees.

Section 427.104(1)(L) prohibits threats of action against a customer except if *either* of two things occurs: (1) such action is taken in the "regular course" or (2) the debt collector intends such action regarding that particular debt. The exceptions are written in the disjunctive using "or" rather than the conjunctive using "and." If the debt collector

5

intends to take that action when threatened (even if the act never occurs for some reason[3])
*or* takes such action in the regular course, no violation exists.

Gartmann's contentions focus only on the exception relating to intent. She alleges that at the time the Clement Manor debt-collection letter was sent Clement Manor had no intention of sending her account to an outside collection agency if she failed to contact Clement Manor, and that Clement Manor acted similarly regarding each class member. The court must take those allegations as true. And were intent the only exception absolving a debt collector from liability under the statute, the present motion would most likely be denied.

But the facts set forth in the complaint show that Clement Manor took the threatened action. Clement Manor warned Gartmann in the Clement Manor debt-collection letter that if she did not pay or contact its business office it would send the matter to a collection agency, and ninety-eight days later, a collection law firm sent her the Hall Render debt-collection letter. The language of the Clement Manor debt-collection letter did not specify a date by which referral to a collection agency would occur such that ninety-eight days exceeded the threatened deadline. Clement Manor did not threaten that referral would be made, for instance, in ten days, one month, or sixty days, providing a sense of immediacy or urgency before action would be taken. Based on the Hall Render debt-collection letter and the language of the Clement Manor debt-collection letter and statute, referral to a

---

[3]Though § 427.104(1)(L) does not specify a time frame for when intent must exist, a reasonable interpretation is that the debt collector is protected against liability if it threatens certain action while at the same time so intending to act. Thus, debt collectors who intend action are protected even if for some reason the action then fails to occur.

6

collection agency appears to have occurred in the "regular course" of Clement Manor's business such that no liability exists.

Gartmann argues that the hypothetical unsophisticated consumer would interpret the language in the Clement Manor debt-collection letter "as meaning that the account would be referred for collection within a few days or weeks" and "certainly less than two months later." (Doc. 17 at 1, 8.) But unsophisticated does not mean unreasonable, and nothing in Clement Manor's letter suggests a time frame of a few days up to sixty days. (And why would sixty days be acceptable but approximately ninety days unacceptable?)

As stated above, the WCA is interpreted in coordination with the FDCPA, pursuant to which debt-collection practices are viewed from the objective standard of an unsophisticaed debtor. *Brunton*, 2010 WI 50, ¶¶ 45-46; *see Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). The hypothetical unsophisticated debtor is not the least-sophisticated debtor but instead one who "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit*, 211 F.3d at 1060. And, while the unsophisticated debtor "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* "Any document can be misread. The [FDCPA] is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The [FDCPA] protects the unsophisticated debtor, but not the irrational one." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000); *see McMillan v. Collection Prof'ls, Inc.* 455 F.3d 754, 760 (7th Cir. 2006) (noting in a case at the Rule 12(b)(6) stage that "[u]ndoubtedly, there will be occasions when a

7

district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision."). The alleged threat of which Gartmann accuses Clement Manor was one of her own making through such an "ingenious misreading" or unreasonable inference.

Gartmann contends that the pending motion to dismiss should be denied because we do not know what Clement Manor's "regular course" of business is.[4] Two problems with the argument exist. First, Gartmann's complaint focuses only on Clement Manor's intent; the complaint alleges nothing about Clement Manor's regular course. And second (a reason that cannot be corrected by any amendment to the pleadings), only a strained, unreasonable interpretation of the statutory words "regular course" could result in any finding that ninety-eight days in this case was not in the regular course. No caselaw appears to define "regular course" as used in § 427.104(1)(L). However, Black's Dictionary defines the phrase as the "normal routine in managing a trade or business." Black's Law Dictionary 378, 1311 (8th ed. 2004). The court finds implausible any claim that a debt collector who turns a debt over to a collection agency no more than ninety-eight days after threatening to do so failed to take such action in the "regular course." That is so even if the debt collector sent its own billing statements in the interim. Thus, Gartmann's claim against Clement Manor fails the plausibility standard of *Bell Atlantic Corp. v. Twombly*. *Cf. Schnitzspahn v. F.A.B., Inc.*, 21 F. Supp. 2d 781, 782, 783 (W.D. Tenn. 1997) (finding at summary judgment in an FDCPA case that a creditor who filed suit eight months after

---

[4] As partial support for this argument, Gartmann points to public records showing that Clement Manor has filed only ten lawsuits in Wisconsin courts since 1995. (*See* Doc. 17 at 8-9.) But the number of lawsuits filed by Clement Manor is immaterial for present purposes, as Clement Manor did not threaten suit. The threat was to refer the matter to a collection agency.

notifying the debtor that it could do so "obviously intended to file suit to collect the debt owed by plaintiff, and did so"), *aff'd*, 156 F.3d 1232 (6th Cir. 1998).

As Gartmann points out, dismissal of an FDCPA claim (and thus a WCA claim) at the pleadings stage may be less common than at the summary judgment stage or trial, as the viewpoint of the unsophisticated debtor often may be a question of fact. Notably, several of the cases cited by the parties involved summary judgment motions rather than Rule 12(b)(6) motions. *See, e.g.*, *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623 (7th Cir. 2009); *Bruesewitz v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 06-C-400-S, 2006 WL 3337361 (W.D. Wis. Nov. 15, 2006); *Schnitzspahn*, 21 F. Supp. 2d 781; *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410 (D. Kan. 1986). However, in the court's view, this is an occasion when no reasonable person, however unsophisticated, could construe the Clement Manor debt-collection letter, followed ninety-eight days later by the Hall Render debt-collection letter, in a manner that would violate § 427.104(1)(L).

On the facts alleged regarding Gartmann's personal claim, Clement Manor did not violate § 427.104(1)(L)'s prohibition against threatening action "unless like action is taken in regular course." For the class-action claims, Gartmann fails to assert a representative claim and no other plaintiffs are named. Further, as noted above, sixty days to refer an account to a collection agency is not some magical deadline, and members of the class as defined may have no § 427.104(1)(L) claim just as Gartmann does not. Therefore,

IT IS ORDERED that Clement Manor's motion to dismiss (Doc. 12) is granted and all claims against it are dismissed.

9

IT IS FURTHER ORDERED that a Fed. R. Civ. P. 16 scheduling conference is set for April 6, 2016 at 2:00 p.m. in Courtroom 222, United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. Counsel with primary responsibility and authority to settle this case shall appear and be prepared to address any pending motions.

If any party has a conflict with the date and time of this scheduling conference and wishes to reschedule, that person must promptly call chambers with all other parties on the line to secure a new date and time.

If counsel would like to proceed to mediation prior to the Rule 16 conference, they should contact the court immediately to make arrangements. Any out-of-town counsel who wish to appear by telephone must contact the court for permission.

IT IS FURTHER ORDERED that Gartmann's motion for class certification, filed at the same time she filed her complaint, remains stayed pending the Rule 16 conference.

Pursuant to Fed. R. Civ. P. Rule 26(f), the remaining parties must, as soon as practicable, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt resolution of this case, and to arrange for the initial disclosures required by Rule 26(a)(1) and a proposed discovery plan.

IT IS ORDERED that on or before March 29, 2016, the parties shall submit a joint written report outlining their discovery plan. Plaintiff's counsel bears the burden of filing the report with a copy to opposing counsel. If plaintiff is appearing pro se, defendant's counsel shall file the report. Parties unable to agree on the terms of a joint report shall file separate reports. In addition to the discovery plan, the report shall include the following:

1. A brief statement of the nature of the case;

2. Whether the pleadings will be amended;

3. Whether parties will be joined;

4. The nature of discovery contemplated by each party and the amount of time it may take to complete discovery;

5. Motions contemplated;

6. The estimated trial length;

7. Whether a jury trial is requested;

8. Whether the parties consent to mediation;

9. Such other matters that affect scheduling for final disposition; and

10. A statement indicating that the parties have conferred regarding each of the above matters.

Attached to this order is a copy of the court's preferred procedures.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE